IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DUANE RONALD BELANUS,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 16-104-H-JTJ<br><br>ORDER |

Petitioner, Duane Ronald Belanus, seeks leave of the Court to file a second amended petition seeking federal habeas corpus relief under 28 U.S.C. § 2254, (Doc. 88), and further requests that these proceedings be stayed so that he may attempt to fully exhaust his claims in the state court. (Doc. 89.) Respondents object to both motions.

Belanus's journey through this Court has been long and winding. His initial pro se filings were voluminous and consisted of over four thousand pages; they contained many handwritten supplements, were duplicative in nature, and did not comply with the requisite filing standards. Belanus was ordered to file an amended petition. *See e.g.*, (Doc. 32.) Prior to the filing of the amended petition, Belanus's

1

proceedings were then stayed in order to allow him to pursue relief with the Montana Sentence Review Division. (Doc. 41.)

Given that Belanus is presently serving a life sentence without the possibility of parole, and in consideration of the overarching interests of justice, counsel was appointed to represent Belanus and present his claims in a concise manner. (Doc. 52.) An amended petition was filed in March of 2022. The State filed its Answer and Belanus filed his reply in 2023.

Belanus has identified a new overarching claim, specifically that the jury instructions given in his case failed to require the jury to determine his guilt on three counts- Sexual Intercourse without Consent, Aggravated Kidnapping, and Burglary, beyond a reasonable doubt as required by *In re Winship*, 397 U.S. 358 (1970). Belanus cites recent Montana Supreme Court decisions[1] in which jury instructions similar to those given in Belanus's case resulted in the reversal of convictions because it was found that the instructions violated due process and/or implicated a defendants' right to a fair trial. *See e.g.,* (Doc. 88 at 7.) Accordingly, Belanus seeks to add a due process claim and two corresponding ineffective assistance of counsel claims in his proposed second amended petition. *See,* (Doc. 88-1.)

---

[1] *See e.g., State v. Hamernick*, 545 P. 3d 666 (Mont. 2023); *State v. Davisson*, 580 P. 3d 82 (Mont. 2025).

Further, Belanus contends that the new claims he seeks to advance "relate back" to a number of claims raised in Belanus's amended petition. (Doc. 88 at 8-10.) Belanus asserts this is the case because they arise out of the same operative facts as they relate to Belanus's mental state at the times the offenses were committed. Accordingly, Belanus asks that he be granted leave to file his second amended petition.

Relying upon *Rhines v. Weber*, 544 U.S. 269 (2005), Belanus then asserts good cause exists asks this Court to stay the instant proceedings and allow him to return to the state courts and attempt to exhaust the new claims. (Doc. 89 at 3-7.)

Under *Rhines*, 544 U.S. at 277, a federal district court may stay a mixed habeas petition, that is one containing both exhausted and unexhausted claims and allow the petitioner to return to state court to litigate the unexhausted claims. *See, Jackson v. Roe*, 425 F. 3d 654, 660 (9th Cir. 2005). Stay and abeyance under *Rhines* is appropriate only where the court determines "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. In *Mena v. Long*, 813 F. 3d 907 (9th Cir. 2016), the Circuit extended the rule of *Rhines*, allowing a district court the discretion to stay and hold in abeyance petitions containing only unexhausted claims. *Mena*, 813 F. 3d at 912.

A petitioner qualifies for a *Rhines* stay, so long as he can: (1) show good cause exists for failure to have first exhausted the claims in state court; (2) explain

and demonstrate how the claims at issue potentially have merit; (3) describe the status of any pending state court proceedings dealing with the claims at issue; and (4) establish he has diligently pursued the claims. *Rhines*, 544 U.S. at 277-78.

    As stated above, of particular concern in Belanus's case is the life sentence that he is serving. Moreover, while Belanus may have been overzealous in this Court with his pro se filings, it cannot be said that he was not diligent. Following appointment, counsel acted diligently on Belanus's behalf. Moreover, if this Court declined to grant a stay, Belanus could potentially be pursuing state relief on the unexhausted claims, while simultaneously proceeding in this Court. Judicial economy would best be served by having Belanus's claims fully exhausted, to the extent possible, so that this Court may complete a full review of this matter and not proceed in a piecemeal fashion.

    While the Court is not necessarily agreeing with the additional legal arguments presented by Belanus, he has shown good cause to file his second amended petition and a legitimate basis to support his request for a stay. There is nothing in the record to suggest that Belanus has engaged in abusive tactics or intentional delays. Further, at this juncture there is inadequate information to make a determination that the unexhausted claims are plainly meritless; the *Rhines* requirements are satisfied. Accordingly, this Court exercises its discretion and will grant Belanus's motion for stay and abeyance. *See Jackson*, 425 F. 3d at 661

(noting that where *Rhines* prerequisites are satisfied, "it likely would be an abuse of discretion for a district court to deny a stay.").

Based on the foregoing, the Court enters the following:

## ORDER

1.   Belanus's Motion for Leave to File a Second Amended Petition (Doc. 88) is **GRANTED**.  Belanus shall file a clean copy of the second amended petition and attach all relevant exhibits.

2.   Belanus's Motion to Stay (Doc. 89) is **GRANTED**.

3.   This matter is **STAYED** in order to allow Belanus to attempt to exhaust his three new claims in the state courts.  The Clerk is directed to amend the docket accordingly.

4.   Within **10 days** of a dispositive order being issued by the Montana Supreme Court, counsel for Belanus must notify the Court.

DATED this 11th day of February, 2026.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge